LOUIS MILLER ET AL., APPELLANTS, v. JOSEPH POTOSHINSKY, APPELLEE.

PRACTICE ON APPEAL.—An appeal from a judgment for services rendered cannot be sustained on the ground of injustice in the verdict, and want of evidence to support it, where it is shown by the record that the cause was submitted to the jury under instructions which clearly expressed the law governing the controversy, and the evidence was sufficient to establish the employment of the plaintiff, and the performance of the services sued for.

*Appeal from District Court of Arapahoe County.*

Mr. W. W. COVER and Mr. GEO. C. NORRIS, for appellants.

Mr. W. W. COOK, for appellee.

BISSELL, J.  This controversy grows out of an alleged contract of hiring.  In 1884 Joseph Potoshinsky was a Jewish rabbi living in Chicago.  Some time in December of that year the appellants, Miller and Krepitsky, opened a correspondence with the rabbi looking to his employment to render them certain specified service.  The final letter, which con-

tains the offer of employment, in substance undertakes to
pay Potoshinsky $35 per month for his services,—$20 to kill
cattle according to the Jewish law, and $15 for the instruc-
tion of their children.   Without details, this was their sub-
stantial proposition.   This offer was accepted, and the rabbi
came to Denver, and rendered the service for which he had
been engaged.   Substantially, there is no controversy as to
these propositions.   It may be stated that in the trial court
some question was raised as to the insufficiency of the cor-
respondence to make a legal contract, but the judge very
properly held that, if the correspondence was followed by a
performance under its proposition, it was ample as a contract
to bind the appellants, and a breach would give a cause of
action.

The principal defense was rested upon the alleged per-
formance by the promisors up to a certain date, when, ac-
cording to their contention, the contract was modified, and
substantially abandoned, with the consent of the rabbi, who
expressly, and by his conduct, accepted the responsibility of a
Jewish congregation in place of that which resulted from the
letters.   That there was some sort of a modification or change
in the relation of the parties is evident from the verdict of
the jury, who accepted neither version given as entirely accu-
rate, and found that the engagement had been entered into,
but that it had been subsequently so modified as to entitle
the appellants to a reduction of the amount claimed.

The appellants maintain that the verdict was not a just one,
and that it is unsupported by the evidence.   This is the only
error alleged, discussed, or relied on.   In reality, nothing
else is apparent in the record upon which an argument could
be predicated.   This is not available for the purposes of re-
versal.   The case, as presented, is not brought within any of
the well-recognized rules which cover such cases.   The em-
ployment and the performance were both established, and,
under instructions which plainly and clearly expressed the
law, the two remaining inquiries, whether the contract had
been modified or whether it had been terminated, were left

to the jury. The verdict disposed of those questions, and cannot be said to be without support from the testimony. It is wholly unnecessary to ascertain the date or the extent of the modification as expressed in the verdict. It is enough that it is sustained by the evidence to such an extent that no appellate tribunal would be justified in setting it aside. The judgment must be affirmed.

*Affirmed.*